**50**

SI OU HSU, aka Shiou Xu, aka
Shi Ou Xu, Petitioner,

v.

Eric H. HOLDER Jr., United States
Attorney General,* Respondent.

No. 08–3434–ag.

United States Court of Appeals,
Second Circuit.

July 7, 2009.

Theodore N. Cox, New York, NY, for
Petitioner.

Gregory G. Katsas, Assistant Attorney
General; Richard M. Evans, Assistant Di-
rector; Benjamin J. Zeitlin, Trial Attor-
ney, Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief
Judge, JON O. NEWMAN, and
WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Si Ou Hsu, a native and citi-
zen of the People's Republic of China,
seeks review of a June 23, 2008 order of
the BIA, denying his third motion to re-
open and affirming the June 7, 2007 deci-
sion of Immigration Judge ("IJ") Robert
D. Weisel, which denied his second motion
to reopen. *In re Si Ou Hsu,* No. A073 180

659 (B.I.A. June 23, 2008), *aff'g* No. A073
180 659 (Immig. Ct. N.Y. City June 7,
2007). We assume the parties' familiarity
with the underlying facts and procedural
history in this case.

We review the agency's denial of a mo-
tion to reopen for abuse of discretion. *Ali
v. Gonzales,* 448 F.3d 515, 517 (2d Cir.
2006). Where the agency considers rele-
vant evidence of country conditions in eval-
uating a motion to reopen, we review the
agency's factual findings under the sub-
stantial 2 evidence standard. *See Jian
Hui Shao v. Mukasey,* 546 F.3d 138, 169
(2d Cir.2008). We find that the agency did
not err in denying Hsu's untimely motions
to reopen.

Hsu argues that the BIA erred by rely-
ing on its precedential decisions to con-
clude that he failed to demonstrate materi-
al changed country conditions or his *prima
facie* eligibility for relief. However, these
arguments fail where we have previously
reviewed the BIA's consideration of simi-
lar evidence in the context of an untimely
motion to reopen and have found no error
in its conclusion that such evidence was
insufficient to establish material changed
country conditions or a reasonable possibil-
ity of persecution. *See id.* at 169–72 (not-
ing that "[w]e do not ourselves attempt to
resolve conflicts in record evidence, a task
largely within the discretion of the agen-
cy"); *see also Wei Guang Wang v. BIA,*
437 F.3d 270, 275 (2d Cir.2006) (noting
that while the BIA must consider evidence
such as "the oft-cited Aird affidavit, which
[it] is asked to consider time and again[,]
. . . it may do so in summary fashion with-
out a reviewing court presuming that it
has abused its discretion").

---

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Attorney General Eric H. Hold-
er Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as re-
spondent in this case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).